UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RADEMAKER,

Plaintiff,

v.

SIRCOYA WILLIAMS, et al.,

Defendants.

No.  2:26-cv-0234 CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed on her Eighth Amendment claims against certain defendants, or she may elect to amend the complaint as discussed below.  In addition, plaintiff's motion for appointment of counsel is denied.

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

2

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.    THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his or her subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.    PLAINTIFF'S COMPLAINT

Plaintiff, who identifies as transgender, alleges that since she was transferred to California Medical Facility ("CMF") on June 23, 2023, she has been refused single cell status, despite having been single celled for 25 years in state and county custody due to her mental health issues and gender status.[1]  Around January 25, 2024, plaintiff stopped receiving ducats for EOP groups

_____

[1] Plaintiff receives mental health care at the enhanced outpatient ("EOP") level.  "CDCR's

and case manager for mental health treatment.  (ECF No. 1 at 5.)  Plaintiff sets forth multiple health care request forms submitted to multiple defendants from January 2024 through April 2024 that went unanswered.  Plaintiff twice wrote defendant Warden Daniel E. Cuevia concerning mental health professionals' failure to respond, but received no response.  On April 10, 2024, another prisoner was housed in plaintiff's cell, and plaintiff alleges she got into a cell fight due to seeking mental health care for months and not receiving it, causing her to deteriorate.  (Id. at 10.)  Plaintiff was injured during the use of force to break up the fight, and still takes medications for those injuries.  (Id.)  Plaintiff's requests for mental health care after the cell fight also went unanswered.  (Id. at 10-11.)  Later, during a mental health evaluation conducted by defendant Chelsea Hagen, Clinical Supervisor, in connection with the rules violation report ("RVR") plaintiff sustained after the cell fight, defendant Chelsea Hagen falsified a law enforcement state document, allegedly violating California Penal Code §§ 125 and 134, by claiming plaintiff was stable in the weeks prior to the RVR and stating clinicians indicated that plaintiff was not demonstrating observable signs of any mental illness, despite plaintiff's multiple health care requests for mental health treatment for months prior to the cell fight.  (Id. at 22.)  Plaintiff alleges she also filed a government tort claim against defendant Chelsea Hagen.  (Id. at 29.)

Plaintiff names eleven defendants employed at CMF:  Sircoya Williams, Warden; Daniel E. Cuevia, Warden (retired); Tracy Patterson, Chief, Mental Health; J. Spaich, Associate Warden, Health Care Access Unit; Jarrod Campbell, Chief Psychologist; Curtis Edwards, Clinical Psychologist; Sarah Smith, Clinical Psychologist; Benjamin Hulkower, Clinical Psychologist; Burris Lee, Clinical Psychiatrist; Shadavia France, Senior Supervising Psychologist; and Chelsea Hagen, Senior Psychologist.  Plaintiff also names defendants John and Jane Does 1-5.  (ECF No. 1 at 3.)

Plaintiff seeks a declaratory judgment and money damages.  (ECF No. 1 at 32.)

---

Mental Health Services Delivery System Program Guide provides four levels of mental health care services:  Correctional Clinical Case Management System (CCCMS); Enhanced Outpatient (EOP); Mental Health Crisis Bed (MHCB) and inpatient hospital care . . . ."  Coleman v. Brown, No. CIV. S-90-520 LKK, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

4

IV.     DISCUSSION

The Court finds that plaintiff states potentially cognizable Eighth Amendment claims against the following defendants who worked at CMF in early 2024:  Daniel E. Cuevia, Tracy Patterson, J. Spaich, Jarrod Campbell, Curtis Edwards, Sarah Smith, Benjamin Hulkower, Burris Lee, and Shadavia France, for violation of plaintiff's Eighth Amendment right to adequate mental health care at California Medical Facility.

Plaintiff also names Chelsea Hagen, Senior Psychologist, who plaintiff alleges is in charge of doing mental health evaluations after the inmate enrolled in EOP receives an RVR to see if mental illness caused or contributed to the RVR.  (ECF No. 1 at 22.)  Plaintiff alleges defendant Chelsea Hagen falsified a state law enforcement document to claim plaintiff was not suffering from a mental illness prior to the cell fight.  The falsification of medical records alone does not constitute an independent basis for relief under Section 1983.  See Landrigan v. City of Warwick, 628 F.2d 736 (1st Cir. 1980) (holding "the existence of a false police report . . . does not by itself deprive[ ] a person of a right secured by the Constitution and its laws.").  Nonetheless, if true, this allegation may support an Eighth Amendment claim.  See Green v. Branson, 108 F.3d 1296 (10th Cir. 1997) (holding whether prison physician falsified medical data is a question of fact that speaks to whether the physician was deliberately indifferent to prisoner's well-being in violation of Eighth Amendment); Delacruz v. Coeur D'Alene Police Dep't, 2010 WL 1817776, at *7-8 (D. Idaho May 6, 2010) (while prisoner's falsification of medical records claim could not proceed as independent civil rights claim, it could be a basis for the Fourteenth Amendment claim related to medical care allegations).  Plaintiff's allegation that defendant Chelsea Hagen falsified a state law enforcement document raises an implication that plaintiff did not receive adequate mental health care as a result.  Thus, plaintiff may proceed with the falsification report claim as a basis for her Eighth Amendment claim related to the lack of mental health care she alleges.

However, plaintiff also claims that defendant Chelsea Hagen's actions violated California penal code sections.  However, criminal statutes do not give rise to civil liability.  Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006).  Thus, plaintiff's state law claims are dismissed with leave to amend.

Unlike plaintiff's allegations as to Warden Daniel E. Cuevia, plaintiff provided no facts demonstrating defendant Sircoya Williams' personal involvement in the events of early 2024. Rather, plaintiff alleges that Sircoya Williams was responsible for ensuring all inmates, including plaintiff, were properly classified under the Mental Health Services Delivery System. (ECF No. 1 at 14.) Such allegations are based on defendant Sircoya Williams' supervisory role as warden.[2] Therefore, plaintiff's allegations as to defendant Sircoya Williams are dismissed without prejudice.

Plaintiff also names defendants John and Jane Does 1-5. (ECF No. 1 at 3.) Plaintiff's use of Doe defendants is problematic, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint. Should plaintiff learn the identities of the "Doe" parties she wishes to serve, she must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of plaintiff's amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after the action is commenced. Additionally, unknown persons cannot be served with process until they are identified by their real names, and the court will not investigate the names and identities of unnamed defendants.

V.    PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants Daniel E. Cuevia, Tracy Patterson, J. Spaich, Jarrod Campbell, Curtis Edwards, Sarah Smith, Benjamin Hulkower, Burris Lee,

---

[2] Importantly, the California Department of Corrections and Rehabilitation website reflects Sircoya Williams was appointed as warden at CMF in January 2026, and previously served as acting warden since December 2024. This information was obtained from the CDCR Inmate Locator website, https://www.cdcr.ca.gov/facility-locator/cmf/ (accessed Jan. 29, 2026). The Court may take judicial notice of public records available on online inmate locators. See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

Shadavia France, and Chelsea Hagen for violation of plaintiff's Eighth Amendment right to adequate mental health care at California Medical Facility, and may pursue plaintiff's potentially cognizable Eighth Amendment claims against only those defendants, or she may delay serving any defendant and attempt to state a cognizable claim against defendant Sircoya Williams and a cognizable state law claim against defendant Chelsea Hagen. If plaintiff elects to proceed forthwith against the ten listed defendants against whom plaintiff stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the Eighth Amendment claims against defendants Sircoya Williams, and the state law claims against defendant Chelsea Hagen, without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable Eighth Amendment claim against defendant Sircoya Williams and state law claim against defendant Chelsea Hagen. If plaintiff elects to attempt to amend the complaint to state cognizable claims against defendants Sircoya Williams and Chelsea Hagen, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he or she does an act, participates in another's act, or omits to perform an act he or she is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

7

action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff  is not granted leave to add new claims or new defendants.

VI.      MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

8

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet her burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

VII.   ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Eighth Amendment claims against defendant Sircoya Williams and state law claims against defendant Chelsea Hagen are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend the complaint to attempt to state cognizable claims against defendants Sircoya Williams and Chelsea Hagen.  Plaintiff is not obligated to amend the complaint.

4. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendants Daniel E. Cuevia, Tracy Patterson, J. Spaich, Jarrod Campbell, Curtis Edwards, Sarah Smith, Benjamin Hulkower, Burris Lee, Shadavia France, and Chelsea Hagen.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action proceed solely on plaintiff's Eighth Amendment claims against defendants Daniel E. Cuevia, Tracy Patterson, J. Spaich, Jarrod Campbell, Curtis Edwards, Sarah Smith, Benjamin Hulkower,

9

Burris Lee, Shadavia France, and Chelsea Hagen.

6. Plaintiff's motion for the appointment of counsel (ECF No. 3) is denied without prejudice.

Dated:  February 3, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/rade0234.14o

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID RADEMAKER,

            Plaintiff,

    v.

SIRCOYA WILLIAMS,

            Defendants.

No.   2:26-cv-0234 CSK P

NOTICE OF ELECTION

Plaintiff elects to proceed as follows:

_____  Plaintiff opts to proceed with the Eighth Amendment claims against defendants Daniel E. Cuevia, Tracy Patterson, J. Spaich, Jarrod Campbell, Curtis Edwards, Sarah Smith, Benjamin Hulkower, Burris Lee, Shadavia France, and Chelsea Hagen.  Under this option, plaintiff consents to dismissal of the Eighth Amendment claims against defendants Sircoya Williams, and the state law claims against defendant Chelsea Hagen, without prejudice.

**OR**

_____  Plaintiff opts to file an amended complaint and delay service of process.

DATED: _____                _____
                                     Plaintiff

1