UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RADEMAKER, | No.  2:26-cv-0234 WBS CSK P |
| Plaintiff, | |
| v. | ORDER AND |
| SIRCOYA WILLIAMS, et al., | FINDINGS & RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff's second motion for preliminary injunction is before the Court.  As discussed below, it is recommended that plaintiff's second motion for injunctive relief be denied without prejudice.

I.    PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, who identifies as transgender, alleges that since she was transferred to California Medical Facility ("CMF") on June 23, 2023, she has been refused single cell status, despite having been single celled for 25 years in state and county custody due to her mental health issues and gender status.[1]  (ECF No. 15 at 15.)  Around January 25, 2024, plaintiff stopped receiving

---

[1]  Plaintiff receives mental health care at the enhanced outpatient ("EOP") level.  "CDCR's Mental Health Services Delivery System Program Guide provides four levels of mental health care services:  Correctional Clinical Case Management System (CCCMS); Enhanced Outpatient (EOP); Mental Health Crisis Bed (MHCB) and inpatient hospital care . . . ."  Coleman v. Brown, No. CIV. S-90-520 LKK, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

1

ducats for EOP groups and to see her case manager for mental health treatment.  (Id. at 6.)  Plaintiff sets forth multiple allegations against 11 named defendants at California Medical Facility who allegedly denied plaintiff mental health care for her serious mental health care needs in violation of the Eighth Amendment.  (Id., passim.)  Plaintiff also names defendants John and Jane Does 1-5.  (Id. at 3.)  Plaintiff seeks a declaratory judgment and money damages.  (Id. at 35.)

II.     MOTION FOR PRELIMINARY INJUNCTION

          A.     Plaintiff's Allegations

          Plaintiff seeks an order requiring defendants to immediately provide plaintiff with full law library access when it is open and priority legal user ("PLU") status, so plaintiff can proceed with this case. (ECF No. 18 at 4.)  In her motion for preliminary injunction, plaintiff alleges the following.  She is unable to litigate this action because she has been denied access to the CMF law library, despite court deadlines in this case.  (Id. at 2.)  At least three library staff have left and there is no librarian remaining at CMF.  (Id.)  Plaintiff acknowledges she has been on time with court deadlines, but cannot send her application to proceed in forma pauperis due to lack of library staff, and claims she has been trying multiple times since February 6, and requested extensions of time.  (Id. at 3.)  She argues it would not be a burden to the state because plaintiff has PLU status already and inmate staff and officers are already assigned to the law library.  (Id.)

          Plaintiff's motion is supported by two exhibits, copies of grievances plaintiff submitted concerning her inability to attend the law library.  (Id. at 5-10.)

          B.     Legal Standards

          "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).  To qualify for injunctive relief, plaintiff must demonstrate:  (1) a likelihood of success on the merits; (2) a likelihood that plaintiff will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Id. at 20.  A deficiency in any element precludes relief.  Id. at 23.

          As to the second Winter element, an injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or

immediate threat that the plaintiff will be wronged again -- a likelihood of substantial and immediate irreparable injury." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted). Speculative injury does not constitute irreparable harm. See Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). A presently existing actual threat must be shown, although the injury need not be certain to occur. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

Finally, the Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

C.  Discussion

Plaintiff fails to demonstrate she will be irreparably harmed unless the Court grants her preliminary relief. See Winter, 555 U.S. at 20. Indeed, plaintiff's reliance on her alleged inability to timely file an application to proceed in forma pauperis is belied by the court record. In January 2026, plaintiff filed a motion to proceed in forma pauperis along with her original complaint, and the motion was granted on February 3, 2026. (ECF No. 8.) On March 13, 2026, plaintiff filed a second application to proceed in forma pauperis, which was unnecessary because plaintiff was already granted leave to proceed in forma pauperis. (ECF No. 16.) Then, on March 20, 2026, plaintiff filed a motion for extension of time to file another application to proceed in forma pauperis. (ECF No. 17.) Because she is already proceeding in forma pauperis, the motion

3

for extension of time is denied as unnecessary.  As a pro se litigant, plaintiff is responsible for keeping track of her cases, and should refrain from filing duplicative requests.

The court record also does not show that plaintiff has had to seek multiple extensions of time for other court deadlines.  On February 18, 2026, plaintiff filed a motion for an additional 21 days to file her amended complaint.  (ECF No. 12.)  Such motion did not rely on a complete denial of law library access at CMF.  Rather, plaintiff claimed the extension was needed because of a required medical procedure and a prison lockdown which would close the prison law library for two days.  (Id. at 2.)

What the court record does show is that plaintiff is able to file motions, and on March 11, 2026, plaintiff was able to timely file her 36 page first amended complaint.  (ECF No. 15.)  The Court has not yet screened plaintiff's first amended complaint.  Thus, plaintiff is not under a present obligation to submit documents within a time certain and therefore has not demonstrated that her right of access to the courts is being impaired.  The Court will not set a deadline merely for the purpose of insuring the plaintiff additional library time.

Therefore, the Court recommends that plaintiff's motion for injunctive relief (ECF No. 18) be denied without prejudice.

III.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for extension of time to file an application to proceed in forma pauperis (ECF No. 17) is unnecessary and is denied.

Further, IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 18) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

///

///

4

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 8, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/rade0234.pi2

5